UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| ROBERT M. MOOREHEAD, JR., <br><br> Plaintiff, <br><br> v. <br><br> FINANCE OF AMERICA REVERSE LLC and COMPU-LINK CORPORATION d/b/a CELINK, <br><br> Defendants. | CIVIL COMPLAINT <br><br> CASE NO. 6:24-cv-00045 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ROBERT M. MOOREHEAD, JR. ("Plaintiff"), by and through the undersigned, complaining as to the conduct of FINANCE OF AMERICA REVERSE LLC ("FAR") and COMPU-LINK CORPORATION d/b/a CELINK ("CLC") (collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18 years of age residing in San Angelo, Texas, which is located within the Northern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. FAR is a provider of reverse mortgages to consumers across the country, including the state of Texas. FAR is a corporation organized under the laws of the state of Delaware with its principal place of business located at 8023 East 63rd Place, Suite 700, Tulsa, Oklahoma 74133.

7. CLC is a servicer of reverse mortgages, including but not limited to the reverse mortgages issued by FAR. CLC is a corporation organized under the laws of the state of Michigan with its principal place of business located at 3900 Capital City Boulevard, Lansing, Michigan 48906.

8. Defendants are "persons" as defined by 47 U.S.C. §153(39).

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10. In approximately June of 2015, Plaintiff's father, Robert Moorehead Sr., purportedly took a reverse mortgage ("subject debt") through FAR in connection with a property located at 3822 Bowie Street, San Angelo, Texas.

11. Upon information and belief, CLC was assigned the servicing rights while Plaintiff's father was current on his payments in connection with the subject debt.

12. On or about December 2, 2023, Plaintiff's father passed away, resulting in Defendants accelerating the subject debt and, subsequently, attempting to collect the entirety of payments.

13. Shortly thereafter, Plaintiff began receiving calls to his cellular phone, (325) XXX-4742, from Defendants.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4742. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Defendants have used a variety of numbers when placing calls to Claimant's cellular phone, including but not limited to (866) 446-0026 and (866) 654-0020. Upon information and belief, they have used other numbers as well.

16. Upon further information and belief, the above-referenced phone numbers are regularly utilized by Defendants in connection with their debt collection activities.

17. At no point prior to Plaintiff receiving calls from Defendants in connection with the subject debt had Plaintiff consented to receiving any phone calls from Defendants.

18. Upon answering Defendants' calls, Plaintiff was informed that they were calling attempting to collect upon the subject debt.

19. Plaintiff informed Defendants of his father's demise, further demanding that Defendants cease calling Plaintiff's cellular phone regarding the subject debt.

20. Defendants ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone seeking collection of the subject debt.

21. Defendants phone calls to Plaintiff's cellular phone have included the utilization of artificial and prerecorded voice messages which use an artificial voice directing Plaintiff to call Defendants regarding a business matter.

22. Plaintiff has repeatedly demanded that Defendants cease in their placement of phone calls, yet Defendants persisted in placing such calls, further representing that they would continue to call Plaintiff until the debt was paid notwithstanding his repeated demands that the calls stop.

23. Plaintiff has received dozens of phone calls from Defendant, a number of which involved the use of artificial voice messages on both answered and unanswered calls.

24. Frustrated over Defendants' conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

26. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, emotional distress with physical manifestations thereof, and numerous violations of his state and federally protected interests to be free from harassing and abusive conduct on the part of entities seeking the collection of debts.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
#### PLAINTIFF AGAINST DEFENDANTS

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using artificial or prerecorded voice messages without such consumer's consent.

29. Defendants' utilization of prerecorded or artificial voice messages on the phone calls placed to Plaintiff bring their concerted conduct within the ambit of the TCPA.'

30. Plaintiff never consented to the receipt of phone calls from Defendants regarding the subject debt, or for any other matter. Upon information and belief, Defendants acquired Plaintiff's cellular phone number by running a skiptrace on Plaintiff, rather than having it provided directly by Plaintiff or his father. Plaintiff further revoked any consent Defendants may have had for the phone calls through his repeated demands that the calls stop.

31. Defendants violated the TCPA by placing repeated and persistent phone calls to Plaintiff's cellular phone using artificial voice message without Plaintiff's consent. Defendants left a number of voicemail messages utilizing such technology, as well as subjecting Plaintiff to such messages when Plaintiff would answer Defendants' calls.

32. Defendants enjoy a principal-agent relationship and, as such, FAR is liable for the conduct of its agent, CLC. Furthermore, under the TCPA, calls placed on a company's behalf are treated as if they were placed by the company on whose behalf the phone calls are placed.

33. The calls placed by Defendants to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendants are liable to Plaintiff for at least $500.00 per call.  Moreover, Defendants' willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ROBERT M. MOOREHEAD, JR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
#### PLAINTIFF AGAINST DEFENDANTS

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. Defendants are "debt collector[s]" as defined by Tex. Fin. Code Ann. § 392.001(6).

38. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302(4)**

39. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

40. Defendants violated the TDCA when it continued to call Plaintiff's cellular phone repeatedly and persistently after being notified to stop. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, many of which came after Plaintiff expressed a desire to receive no further calls, would naturally cause an individual to feel oppressed. Defendants' harassing intent behind the calls is further evident given Defendants' threats that the calls would continue until the debt was paid notwithstanding Plaintiff's demands that the calls stop.

WHEREFORE, Plaintiff, ROBERT M. MOOREHEAD, JR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

    c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

    d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

 e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

 f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 19, 2024                Respectfully submitted,

<u>s/ Nathan C. Volheim</u> (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com